UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUTGARDO SILVA | CIVIL ACTION |
| VERSUS | NO: 06-0199 |
| BURL CAIN | SECTION "K" |

ORDER AND OPINION

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and plaintiff Lutgardo Silva's objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion.

Pursuant to 28 U.S.C. §2254, Mr. Silva seeks to vacate his conviction and sentence for the second degree murder of Brett Kreller who died as a result of a gun shot fired by Mr. Silva during a fight between them. Petitioner urges that the prosecution failed to disclose to him statements of witnesses favorable to the defense in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The Magistrate Judge recommended dismissal of Mr. Silva's petition after concluding that the state courts' decisions that the prosecution's failure to disclose to Mr. Silva a number of witness statements did not violate Mr. Silva's right to due process, were not incorrect and an objectively unreasonable application of clearly established federal law to the facts of the case. Petitioner objects to the Magistrate Judge's Report and Recommendation contending that the statements withheld by the prosecution were either exculpatory or could have been used to impeach a trial witness, and therefore, the failure to disclose those reports constituted a *Brady* violation entitling petitioner to

1

*habeas* relief. Petitioner also urges that in recommending dismissal of the *Brady* claim, the Magistrate Judge failed to consider the cumulative effect of withholding all of the challenged statements.

The Court has independently reviewed the state court record and concludes that the Magistrate Judge thoroughly and correctly analyzed petitioner's *Brady* claim. Moreover, although petitioner asserts that the Magistrate Judge failed to consider the cumulative effect of withholding all of the challenged statements, review of the Report and Recommendation indicates that the Magistrate Judge did consider the cumulative effect of withholding all of the challenged statements. In setting forth the analytical framework for evaluating a *Brady* claim, the Magistrate Judge stated, "[i]n determining whether evidence is material for *Brady* purposes, the Court must consider the cumulative effect of all the suppressed evidence rather than ruling on each item individually." Doc. 7, p. 9. Moreover, after individually analyzing each of the suppressed statements, the Magistrate Judge concluded her analysis stating:

> The Court has painstakingly reviewed the transcript of petitioner's trial, over eight hundred pages in length, to place the five withheld statements in their proper context in relation to the testimony of all of the witnesses who testified at Silva's trial. Having done so, what is conveyed to the Court is that the petitioner, who was admittedly armed with a concealed weapon, voluntarily chose to follow the victim to a location for the express purpose of fighting. When Silva began losing the fistic encounter, even after his friends had come to his assistance, he drew his weapon and shot the victim between the eyes at point blank range. The testimony of Dr. Garcia and the Trosclairs provides independent, unbiased support for this conclusion. The state courts' decisions, that the withheld statements were not sufficiently material so as to constitute improperly withheld evidence under <u>Brady</u>, were not both incorrect and objectively unreasonable and, as such, are entitled to deference here under §2254(d)(1).

Doc. 7, p. 31. That excerpt confirms that the Magistrate Judge did, in fact, consider the cumulative

effect of all of the suppressed statements in dismissing petitioner's claim. Moreover, based on its own review of the trial transcript, the Court also concludes that, even considering the cumulative effect of withholding all of the challenged statements, the statements do not qualify as material evidence for *Brady* purposes. The withheld statements were all made by witnesses known to either petitioner or the victim, and therefore the jury could have reasonably minimized the effect of those statements by concluding that the witnesses were biased. Additionally, the powerful testimony of Dr. Garcia, the pathologist who conducted the autopsy on the victim, proved highly damaging to petitioner's case. Dr. Garcia testified that the course and track of the bullet through the victim's body was "completely inconsistent" with the theory that Mr. Silva fired the gun into the air and not at the victim. Trial Transcript, Vol. IV, p. 851. Dr. Garcia also testified based on the course and track of the bullet that the victim's head was positioned beneath the muzzle of the gun, and that the presence of stippling around the entrance wound indicated a range of twelve (12) to eighteen (18) inches existed between the muzzle of the gun and the victim's skin. *Id.* Nothing in any of the withheld statements adversely impacts or minimizes Dr. Garcia's unbiased testimony. *Id* at p. 851-52. Petitioner has failed to satisfy the requisite burden of proof with respect to his claim under *Brady*.

In his objections to the Magistrate Judge's Report and Recommendation, petitioner urges, for the first time, that his trial counsel rendered ineffective assistance of counsel by failing to discover David Babbin's statement to the police and failing to use that statement to impeach Mr. Babbin's trial testimony. This claim lacks merit.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two prong test for evaluating claims of ineffective assistance of

counsel: a defendant seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.  With regard to the performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Id*. at 688, 104 S.Ct. at 2064.  There is a strong presumption that an attorney's performance "falls within the wide range of reasonable professional assistance."  *Id.* at 689, 104 S.Ct. at 2065.  The defendant must overcome the presumption that the challenged action might be considered to be sound trial strategy.  *Id*.  (internal quotation and citation omitted).

In order to satisfy the prejudice requirement, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068.  It is clear that even "professionally unreasonable" errors on the part of counsel do not warrant setting aside a conviction if the error had no effect on the proceeding.  *Larsen v. Maggio*, 736 F.2d 215 (5th Cir. 1984).

The burden of demonstrating prejudice rests on the defendant.  *Strickland v. Washington*, 466 U.S. at 693, 104 S.Ct. at 2067.  The defendant must demonstrate that an alleged error actually had an adverse effect on the defense";  that the `might have beens' [at trial] would have been important enough to affect the proceedings' reliability."  *Larsen v. Maggio*, 736 F.2d at 218.  If the defendant makes an insufficient showing on either component of the ineffective assistance of counsel inquiry, it is not necessary to examine the remaining prong of the test.  *Strickland v. Washington*, 466 U.S. at 697, 104 S.Ct. 2069.

For a petitioner to be entitled to relief under *Brady* the petitioner must establish, among

4

other things that the evidence which is withheld is "material" to guilt or punishment. *Brady v. Maryland*, 373 U.S. at 87, 83 S.Ct. at 1196-97. Evidence is deemed material if there is a "reasonable probability" that the outcome of the trial would have been different if the evidence had been presented to the defendant. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed. 481 (1985). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* That standard is the same as that used to determine whether a defendant has satisfied the prejudice prong of the *Strickland* test.

In adopting the Magistrate Judge's conclusion that David Babbin's undisclosed statement did not constitute material evidence under *Brady*, the Court determined that even if Mr. Babbin's statement had been disclosed there was not a reasonable probability that the outcome of petitioner's trial would have been different. That conclusion forecloses a finding that counsel's failure to discover that statement and utilize it at trial prejudiced petitioner's defense at trial. Accordingly, petitioner claim of ineffective assistance of counsel fails. Accordingly,

IT IS ORDERED that Lutgardo Silva's motion for post conviction relief pursuant to Title 28, United States Code, Section 2254 is hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 17th day of June, 2009

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE